UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-12297-GAO

LYNX SYSTEM DEVELOPERS, INC. and
ISOLYNX, LLC,
Plaintiffs,

v.

ZEBRA ENTERPRISE SOLUTIONS CORPORATION,
ZEBRA TECHNOLOGIES CORPORATION, and ZIH CORP.,
Defendants.

OPINION AND ORDER
March 23, 2016

O'TOOLE, D.J.

This case concerns alleged trade secret misappropriation, questions of patent inventorship, and a number of other claims arising from the relationship of the involved companies. The basic complaint by the plaintiffs, Lynx System Developers, Inc. and IsoLynx, LLC (collectively "Lynx"), is that the defendants, Zebra Enterprise Solutions Corp., Zebra Technologies Corp., and ZIH Corp. (collectively "Zebra"), misappropriated Lynx's technology and cut Lynx out of a deal with the National Football League ("NFL"). In very brief terms, Lynx alleges that it entered into agreements with Zebra to use the latter's hardware to develop software and hardware modifications for radio-frequency identification ("RFID") chips. These modifications facilitate the tracking in real time of NFL players, footballs, officials, and the like during an official game. Lynx states that this development required a significant investment of time and money on its part in order to overcome a variety of technical hurdles.

Lynx System Developers, Inc. and Zebra Enterprise Solutions Corp. entered into three agreements governing various aspects of their relationship. Relevant here, those contracts contain

choice of law clauses referencing California law. In addition, in one of the contracts, the signatories promise to keep each other's information confidential.

Lynx has asserted a number of claims, both state and federal, against Zebra. It demands that certain patents owned by Zebra be corrected to reflect their joint invention by Lynx employees. Lynx also seeks damages for breach of contract, trade secret misappropriation, fraud, conversion, interference with business relationships, breach of fiduciary duty, and unfair business practices. Zebra has moved to dismiss nearly all the claims for failure to state a claim upon which relief may be granted and, for the state law claims, lack of subject matter jurisdiction. The issues raised in that motion have been extensively briefed, and a hearing was held on the matter.

In its Complaint, Lynx founded jurisdiction upon the presence of federal questions, see 28 U.S.C. §§ 1331, 1338(a), and supplemental jurisdiction, see id. § 1367(a). At the hearing, I inquired whether diversity jurisdiction is applicable to this case. See 28 U.S.C. § 1332. Lynx has since moved for leave to file an amended complaint which clearly alleges diversity jurisdiction. Lynx additionally filed briefing addressing the issue. Zebra does not strictly oppose the motion, but stated that it reserves the right to move to dismiss at a later date on jurisdictional grounds.

Because the proposed amended complaint is otherwise identical to the current version, I briefly address the merits of Zebra's arguments for dismissal here.

## I.    Subject Matter Jurisdiction

The proposed amended complaint makes clear that diversity jurisdiction exists in this case. Based on their state of incorporation and principal place of business, the Zebra defendants are all corporations domiciled in California, Delaware, or Illinois. See 28 U.S.C. § 1332(c). For the plaintiffs, Lynx System Developers, Inc. is a corporation domiciled in Massachusetts by both state of incorporation and location of its principle place of business.

The final party, IsoLynx, LLC, is, unlike the other parties, not a corporation but a limited liability company. Diversity for LLCs is determined by the citizenship of its members, not by the state of its formation. See Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54–55 (1st Cir. 2006). While IsoLynx may be organized under the laws of Delaware, its members—Lynx System Developers, Inc. and an individual, Ed Evansen—are citizens of Massachusetts. Thus, IsoLynx is regarded as a citizen of Massachusetts for diversity purposes. See id. As the Supreme Court recently put it: "While humans and corporations can assert their own citizenship, other entities take the citizenship of their members." Americold Realty Trust v. Conagra Foods, Inc., No. 14-1382, 2016 WL 854159, at *2 (U.S. Mar. 7, 2016).

Thus, the plaintiffs are diverse from the defendants. Given the nature of the claims and the arguments presented in the briefs and at the hearing, the amount in controversy is clearly met. Diversity jurisdiction exists for all claims in this case.

## II.     Viability of Claims

Zebra raises a number of challenges to Lynx's claims, arguing that all except the breach of contract claim should be dismissed. At the motion to dismiss stage, a complaint must only show a "plausible" entitlement to relief. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009). Here, while some claims may be more likely to succeed than others, Lynx's lengthy pleadings have satisfactorily alleged plausible claims for relief. Enough factual conduct has been alleged to fairly raise whether Zebra's technology improperly incorporates earlier innovations by Lynx. This case should move forward to discovery.

Zebra also raises challenges to these claims on the basis that California law, rather than Massachusetts law, should govern. Choice of law analysis should only be undertaken when an "actual conflict" exists between the substantive laws of the interested jurisdictions. Levin v. Dalva

Bros., Inc., 459 F.3d 68, 73 (1st Cir. 2006). Even under California law, the claims generally involving trade secret misappropriation have been adequately pled. See Cal. Civ. Proc. Code § 2019.210 (West) (requiring that a plaintiff "identify the trade secret with reasonable particularity"). While some claims currently styled in the Complaint as distinct torts may, if California law were to apply, need to be brought under the umbrella of that state's Uniform Trade Secrets Act, the factual allegations would still raise valid claims, even if they had to be reformulated. How and in what fashion each state's laws apply is not determinative at this early stage of whether this case moves forward. If necessary, choice of law analysis will be conducted at a later time.

**III.**    **Conclusion**

The defendants' Motion to Dismiss (dkt. no. 32) is DENIED. The plaintiffs' Motion for Leave to File a First Amended Complaint Under Fed. R. Civ. P. 15(a) (dkt. no. 64) is GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge