UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-12297-GAO

LYNX SYSTEM DEVELOPERS, INC. and
ISOLYNX, LLC,
Plaintiffs,

v.

ZEBRA ENTERPRISE SOLUTIONS CORPORATION,
ZEBRA TECHNOLOGIES CORPORATION, and ZIH CORP.,
Defendants.

ORDER
August 10, 2017

O'TOOLE, D.J.

This Order resolves various pending motions.

The plaintiffs' Motion to Compel the Production of Documents and Things (dkt. no. 103) is GRANTED in part and DENIED in part as set forth herein.[1] In resolving the motion, the Court considered only whether the plaintiffs' asserted trade secrets have been articulated with reasonable particularity so as to permit discovery to proceed. The Court takes no position at this time on the merits of other objections to the trade secret claims, including any objection that what is claimed does not qualify as a trade secret under applicable law.

The following trade secrets meet the reasonable particularity standard: 2, 3, 4, 22, 31, 32, 34, 39, 53, 56, 58, 59, 60, 61, 62, 63, 64, 65, 66, 68, 69, 71, 72, 74, 76, 77, 78, 79, 80, 81, 82, 83, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 98, 99, 100, 101, 103, 105, 106, 107, 108, 109, 113, 114,

---

[1] The Court relied on the trade secrets list attached as Exhibit 1 to the Declaration of Eric Cheng in Support of Defendants' Motion to Compel Plaintiffs to Identify Alleged Trade Secrets with Particularity and Opposition to Plaintiffs' Motion to Compel the Production of Documents and Things (dkt. no. 115).

119, 120, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 139, 140, 141, 142, 144, 145, 146, 148, 156, 157, 158, 159, 160, 161, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 186, 190, 191, 192, 193, 194, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 207, 208, 209, 210, 211, 216, 217, 218, 219, 221, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248,[2] 249, 250, 251, 252, 253, 254, 255, 256, 257, 258.

Discovery shall proceed in accordance with these determinations. Accordingly, as to the above listed claims, the defendants' Motion to Compel Plaintiffs to Identify Alleged Trade Secrets with Particularity (dkt. no. 110) is DENIED.

The plaintiffs' Motion to Compel the Production of Valuations and Responses to Interrogatory Nos. 2 and 4 (dkt. no. 132) and the defendants' Assented-to Motion for Leave to File a Surreply Brief in Opposition to Plaintiffs' Motion to Compel the Production of Valuations and Responses to Interrogatory Nos. 2 and 4, and Impoundment of Confidential Information (dkt. no. 146) are DENIED without prejudice in light of the defendants' response to that motion (dkt. no. 138).

The parties' Joint Motion for Redaction of Electronic Transcript of December 7, 2016 Hearing (dkt. no. 151) is GRANTED.

The sufficiency of the plaintiffs' identification of claimed secrets having now been resolved, the defendants' Emergency Motion for a Protective Order to Stop Plaintiffs From Obtaining Discovery of Confidential Technical Information Through Third Party Subpoenas

---

[2] Because the plaintiffs' trade secret list identified two trade secrets as trade secret number 249 and did not list a trade secret number 248, I have referred to the first of those two claims as trade secret number 248.

2

Before the Sufficiency of Plaintiffs' Trade Secret Disclosure Is Resolved (dkt. no. 152) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>United States District Judge